IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BECKY HENRY<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Civil No. 2:12-cv-00047<br><br>Magistrate Judge Dustin B. Pead |

Becky D. Henry appeals the Commissioner of Social Security's decision denying her claim for Disability Insurance Benefits under the Social Security Act (the Act), 42 U.S.C. §§ 1381-1383c.  Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court REVERSES and REMANDS the Commissioner's decision for further consideration of Ms. Henry's residual functional capacity, for re-evaluation of the proper legal weight to afford the opinion of her treating physician, Dr. Shulimson, and for further explanation of the importance of Ms. Henry's date last insured.

## **LEGAL STANDARDS**

This Court's review is guided by the Act and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).  Substantial evidence is

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of section 205(g) of the Social Security

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  This Court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

## BACKGROUND

Plaintiff Becky Henry filed an application for Disability Insurance Benefits on May 5, 2005.  (Tr. 112).  Ms. Henry's claim was initially denied on November 28, 2005, (Tr. 10, 69), and upon reconsideration on July 17, 2007.  (Tr. 73).  Ms. Henry timely requested a hearing before an Administrative Law Judge ("ALJ") on August 6, 2007.  (Tr. 76).

A hearing was held on August 13, 2008, in Salt Lake City, Utah, before Administrative Law Judge Robin Henrie.  (Tr. 10).  The ALJ issued a decision finding Ms. Henry not disabled on December 3, 2008.  (Tr. 18).  Ms. Henry timely requested review by the Appeals Council on December 16, 2008.  (Tr. 6).  The Appeals Council denied Ms. Henry's request for review on March 13, 2010.  (Tr. 1).  This Appeals Council denial was the final administrative decision of the Commissioner of Social Security in this case at that time.

Ms. Henry took an appeal of the Commissioner's Decision to the Federal District Court of Utah.  The District Court found the Decision of the Administrative Law Judge deficient, and issued an Order remanding the case for further consideration on February 8, 2011.  (Tr. 914). The Appeals Council issued an Order remanding the case for further hearing and development on March 7, 2011, and Ms. Henry requested a hearing on March 14, 2011.  (Tr. 920, 925).  The matter came before Administrative Law Judge Robin Henrie for re-hearing on August 12, 2011, in Salt Lake City.  (Tr. 847).  The ALJ issued a decision finding Ms. Henry not disabled on

---

Act, 42 U.S.C. § 405(g), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

September 20, 2011. (Tr. 821). The ALJ's decision stands as the final decision of the Commissioner in this matter.

Ms. Henry brought this current action to again appeal the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), which provide for judicial review of the defendant's final decision.

## DISCUSSION

### I. The ALJ Failed To Recognize Dr. Aaron Shulimson As A Treating Physician, And Failed To Conduct A Controlling Weight Analysis With Regard To His Opinion.

20 C.F.R. § 416.913 establishes the process for evaluation of medical evidence under Social Security regulations. Paragraph (a) of this regulation establishes what sources may be used to establish the existence of an impairment. These sources are generally medical doctors, psychologists, or other such high level professionals. The ALJ is required to evaluate the opinions of all treating sources using the factors in 20 C.F.R § 416.927(d)(2).[2] In this case, the petitioner argued on appeal, and the Commissioner stipulated at the hearing held on February 11, 2013, that the ALJ should have evaluated the opinion evidence offered by Dr. Aaron Shulimson as the opinion of a treating source, and not that of an examining or reviewing source. Some argument was presented that the ALJ was justified in diminishing the weight afforded to Dr. Shulimson's opinion because the opinion evidence was offered after the petitioner's date last insured. The Court finds, however, that the ALJ's Decision lacks any express analysis or justification for diminishing Dr. Shulimson's opinion on these grounds, and that any attempt to guess at the ALJ's reasoning, would constitute improper post-hoc analysis. *See Grogan v.*

---

[2] The factors are (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon

*Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.")); *SEC v. Chenery Corp.,* 318 U.S. 80, 87, 63 S.Ct. 454, 87 L.Ed. 626 (1943); *See also Allen v. Barnhart*, 357 F.3d 1140 (10th Cir. 2004). Accordingly, the Court finds that the Commissioner should review this issue further on remand.

Further, the Court concludes that Dr. Shulimson's opinion qualifies as that of a treating source under 20 C.F.R. § 416.913(a), having seen Ms. Henry in person, and having administered testing to her on three separate occasions, over three months. (Tr. 1294). The record also reflects four months of treatment notes from Dr. Shulimson following the testing that also further qualify him as a treating source. (Tr. 1451-1459). The ALJ's Decision fails to acknowledge the continued treating relationship between Ms. Henry and Dr. Shulimson, and fails to acknowledge that Dr. Shulimson administered his testing to Ms. Henry in person, as part of an actual evaluation. (Tr. 835). Accordingly, the ALJ committed a legal error in stating, "Dr. Shulimson was an examining physician who did not have a treating relationship with the claimant." *Id.*

The reviewing court must remand a case where the ALJ fails to provide specific, legitimate reasons for diminishing the opinion of a treating source. Agency rulings and Social Security regulations direct an ALJ toward the established process for deciding what weight to give treating physician opinions. *See Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). First, an ALJ must decide whether the treating physician opinion should be given controlling weight. *Id*. at 1300.

---

which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins* 350 F.3d at 1301.

Social Security Ruling 96-2p establishes a two-step sequential process for determining whether a treating physician's opinion should be given controlling weight. Initially, the ALJ must determine whether the treating physician opinion is "well-supported" by acceptable clinical and laboratory diagnostic techniques." Then, the ALJ must confirm that the opinion is consistent with other substantial evidence in the record. *See Watkins* at 1300. In this case, the ALJ failed to examine the clinical and laboratory diagnostic techniques used and to evaluate whether Dr. Shulimson's opinion was consistent or inconsistent with the other evidence. (Tr. 835). As a result, the ALJ's Decision in this case is remanded for a controlling-weight analysis in accordance with the case-law set forth above.

In circumstances where the ALJ does not give treating physician opinions controlling weight, the opinions are still entitled to deference and the ALJ must still evaluate those opinions using the factors in 20 C.F.R. § 404.1527. *See Watkins* at 1300. After considering the factors, the ALJ must provide good reasons for the weight he gives to the treating physician's opinion. *See Watkins* at 1301. If the ALJ fails to explain what weight is given to the testimony and the reasons for giving that weight, the reviewing court cannot provide a meaningful review of the ALJ's decision and must remand the case for further consideration. *Id.* Should the Commissioner, on remand, determine that the opinion of Dr. Shulimson was not entitled to controlling weight, the Commissioner must still evaluate whether the opinions are entitled to deference over other opinions of record.

  II. **Re-Evaluation of the Opinion of Dr. Shulimson Requires Re-Evaluation of the Claimant's Residual Functional Capacity.**

The Court finds that re-evaluation of the opinion of Dr. Shulimson could materially affect the residual functional capacity assessment that the ALJ made at Step Four of his evaluation process. While this Court recognizes that re-evaluation of this evidence may not materially

affect the claimant's ultimate RFC, the legal defects in the ALJ's evaluation of the opinion of Dr. Shulimson is significant enough for this Court to find that the Commissioner's analysis is not based upon, or supported by, substantial evidence, and a remand is necessary. Accordingly, the Court also remands this matter for an additional residual functional capacity assessment.

## CONCLUSION

Having determined that the Commissioner's decision is not based on substantial evidence or free of legal error, the Commissioner's decision is REVERSED and REMANDED for the reasons stated herein. The Commissioner shall re-evaluate the opinion of Dr. Aaron Shulimson on remand, and shall re-consider the residual functional capacity of Ms. Henry as part of that remand. The Commissioner shall also address the significance, if any, of Mr. Henry's last date insured.

Dated this 4th day of March, 2013.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge