IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BECKY HENRY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION &<br>ORDER<br><br>Case No. 2:12-cv-000047<br><br>Magistrate Judge Dustin Pead |

All parties in this case have consented to having United States Magistrate Judge Dustin B. Pead conduct all proceedings in this case, including entry of final judgment, with appeal to the United State Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73 (Dkt. No. 21).

Currently before the Court is Becky Henry's (Plaintiff) petition for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA) (Dkt. No. 34). Plaintiff seeks an award of fees for 38.50 hours of billing at $185.78[1] per hour for a total award of $6,739.74 (Dkt. No. 34-3). Defendant Carolyn Colvin, acting Commissioner of Social

---

[1] In her affidavit in support, Plaintiff's attorney, Justin Pitts, asserts that pursuant to 28 U.S.C. § 241(d)(2)(A), an appropriate hourly rate to be used in calculating the attorney's fee is $125.00, increased by appropriate cost of living found in the most recent Consumer Price Index, dated October 16, 2012. The calculation is as follows: (231.407/155.7) x $125.00=$185.78 (Dkt. No. 34-2).

Security[2] (the Commissioner) objects and asks the Court to deny Plaintiff's petition on the ground that the Commissioner's position was substantially justified (Dkt. No. 35).

## BACKGROUND

In May 2005, Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act, *see* 42 U.S.C. § § 401-434, and Supplemental Security Income under Title XVI of the Social Security Act, *see id.* § § 1381-1383f, alleging a disability onset date of April 1, 2005.  Plaintiff's applications were denied initially and upon reconsideration.  On December 3, 2008, an administrative law judge (ALJ) issued a written decision denying Plaintiff's claims.  On March 13, 2010, the Appeals Council denied Plaintiff's request for review.

Plaintiff took an appeal of the Commissioner's Decision to the Federal District Court of Utah.  The District Court concluded that the decision of the ALJ was deficient, and on February 8, 2011, issued an order remanding the case for further consideration.  Thereafter, the matter came for re-hearing before the ALJ on August 12, 2011.  On September 20, 2011, the ALJ issued another decision denying Plaintiff's claims.  The September 2011 decision of the ALJ stands as the final decision of the Commissioner for purposes of judicial review.  *See* 42 U.S.C. § § 405(g), 1383 (c)(3); 20 C.F.R. § § 404.981, 416.1481.

Plaintiff filed this case on January 18, 2012, seeking judicial review of the Commissioner's final decision (Dkt. No. 3).  On March 5, 2013, this Court issued a Memorandum Decision and Order (Order) reversing the Commissioner's decision and remanding

---

[2]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.  At the inception of this case, Michael J. Astrue was the acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Carolyn W. Colvin has been substituted for Michael J. Astrue as the defendant in this suit.

the case for further administrative proceedings based on the ALJ's failure to evaluate the opinion of Dr. Aaron Shulimson as a treating physician (Dkt. No. 32).

Plaintiff filed her currently pending petition for attorney fees on June 6, 2013 (Dkt. No. 34).

## ANALYSIS

The EAJA provides for an award of attorney fees and other expenses to a prevailing party, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further provides that

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id.* § 2412(d)(1)(B).

> [T]he Commissioner ha[s] the burden of proof to show that [her]
> position was substantially justified.  The test for substantial
> justification in this circuit is one of reasonableness in law and fact.
> Thus, the [Commissioner's] position must be justified to a degree
> that could satisfy a reasonable person.  The [Commissioner's]
> position can be justified even though it is not correct.

*Hackett v. Barnhart,* 475 F.3d 1166, 1172 (10th Cir. 2007 )(quotations and citations omitted).

Plaintiff argues that she is entitled to an award of $6,739.74 for attorney fees pursuant to the EAJA and has included the required itemized statement of fees (Dkt. No. 34-3).  Plaintiff asserts that as the prevailing party she is entitled to attorney fees and that the Commissioner's position was not substantially justified (Dkt. No. 34).[3]  In response, the Commissioner objects to Plaintiff's request and argues that its position was substantially justified since reasonable people can disagree as to whether the ALJ's decision was appropriate (Dkt. No. 35).   Moreover, although the Commissioner admits that the Court found error in the ALJ's failure to evaluate Dr. Shulimson as a treating source, the Commissioner points out that the mere fact of error does not show that it was unjustified in defending the case.  *Id.*

Upon consideration, the Court finds the Commissioner's argument to be without merit.  While it is true that the Commissioner's position can be justified even if it is not correct, *see Hackett* 475 F.3d at 1172, the Court disagrees that such principle applies here.  In this case, remand was based upon the ALJ's failure to qualify Dr. Shulimson's opinion as that of a treating source pursuant to 20 C.F.R. § 416.913(a).  Moreover, at the hearing, the Commissioner openly

---

[3] In the social security context, the substantial justification standard under the EAJA is not the same as the substantial evidence standard under the Social Security Act, 42 U.S.C. § 405(g).  This "would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits."  *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).

admitted that the ALJ should have evaluated Dr. Shulimson's opinion as that of a treating source rather than that of an examining or reviewing source.  The Court concluded that the ALJ's failure, as admitted to by the Commissioner, constituted error.  Further, because the Court determined that a re-weighing of Dr. Shulimson's medical opinion could influence Plaintiff's Residual Functional Capacity (RFC) assessment, the Court found that said error was not harmless.  Given these fundamental errors along with the Commissioner's admission that an error occurred, the Court can not conclude that the Commissioner's position was substantially justified.

The parties' agree that an EAJA award is payable to the litigant, not his or her attorney, and may be offset for satisfaction of any pre-existing debt owed to the United States.  *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528-29 (2010); *Brown v. Astrue* 271 Fed. App'x 741, 743 (10th Cir. 2008) (unpublished) ("The district court correctly held that [the plaintiff's] assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him.  Thus, the district court correctly declines to award the fees directly to counsel."); 31 U.S.C. § 3716(c)(3)(B) (2006) (EAJA fees belong to the Plaintiff and are subject to offset under the Treasury Offset Program).  Accordingly, the EAJA award in this case shall be made directly payable to Plaintiff and not to counsel.

Finally, although not challenged by the Commissioner, the Court concludes that the attorney fees sought by Plaintiff are reasonable.

Having considered Plaintiff's petition, for the reasons stated herein, the Court now finds that Plaintiff's motion for attorney fees pursuant to the EAJA is hereby **GRANTED** (Dkt. No. 34).  The Commissioner shall pay Plaintiff an EAJA attorney fee award of $6,739.74  that shall

be made directly payable to Plaintiff and not her counsel.

**IT IS ORDERED.**

DATED this 3rd day of July, 2013.

BY THE COURT:

_____
Dustin Pead
U.S. Federal Magistrate Judge